ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER OF DECEMBER 4, 1992, ASKING, IN EFFECT:
 WHAT LIABILITY, IF ANY, WOULD A CITY OF THIS STATE INCUR IF AN INDIVIDUAL VOLUNTEERS TO WORK FOR THE CITY IN AN EFFORT TO PAY OFF A FINE, AND THAT PERSON SUSTAINS AN INJURY DURING THE COURSE OF SUCH WORK?
BECAUSE YOUR REQUEST INVOLVES QUESTIONS OF FACT, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS ARE SOLELY THOSE OF THE UNDERSIGNED ATTORNEY, AND THEY HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
TO ANSWER YOUR QUESTION, IT IS NECESSARY TO EXAMINE THE GOVERNMENTAL TORT CLAIMS ACT (THE "ACT"), 51 O.S. 151 ET SEQ. . (AS AMENDED BY 51 O.S. 151 (1992) ET SEQ.). THE ACT SETS FORTH THE SCOPE OF GOVERNMENTAL LIABILITY AS WELL AS ANY APPLICABLE EXEMPTIONS OR IMMUNITIES FROM LIABILITY. 51 O.S. 153(A) OF THE ACT PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "THE STATE OR A POLITICAL SUBDIVISION SHALL BE LIABLE FOR LOSS RESULTING FROM ITS TORTS OR THE TORTS OF ITS EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT SUBJECT TO THE LIMITATIONS AND EXCEPTIONS SPECIFIED IN THIS ACT AND ONLY WHERE THE STATE OR POLITICAL SUBDIVISION, IF A PRIVATE PERSON OR ENTITY, WOULD BE LIABLE FOR MONEY DAMAGES UNDER THE LAWS OF THIS STATE.
 THE LIABILITY OF THE STATE OR POLITICAL SUBDIVISIONS UNDER THIS ACT SHALL BE EXCLUSIVE AND IN PLACE OF ALL OTHER LIABILITY OF THE STATE, A POLITICAL SUBDIVISION OR EMPLOYEE AT COMMON LAW OR OTHERWISE. (EMPHASIS ADDED.)"
THE ACT DEFINES A "POLITICAL SUBDIVISION" TO INCLUDE, AMONG OTHER THINGS, A MUNICIPALITY, A COUNTY OR A SCHOOL DISTRICT. 51 O.S. 152(8) (1991). A " MUNICIPALITY " IS DEFINED IN 51 O.S. 152(7) OF THE ACT TO INCLUDE ANY INCORPORATED CITY OR TOWN, AND ALL INSTITUTIONS, AGENCIES OR INSTRUMENTALITIES OF A MUNICIPALITY.
TO DETERMINE WHETHER A MUNICIPALITY CAN BE HELD LIABLE FOR A VOLUNTEER'S INJURIES, TWO QUESTIONS MUST BE ANSWERED: 1) WHETHER THE INJURIES ARE THE RESULT OF THE MUNICIPALITY'S TORTS OR THE TORTS OF MUNICIPALITY EMPLOYEES WHILE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, AND 2) WHETHER THE ACT PROVIDES ANY LIMITATIONS OR EXCEPTIONS TO LIABILITY. THE FACT THAT THE INDIVIDUAL INJURED WAS VOLUNTARILY WORKING FOR A MUNICIPALITY DOES NOT, IN ITSELF, PROVIDE THE MUNICIPALITY ANY IMMUNITY FROM LIABILITY FOR ITS TORTS.
THE FIRST QUESTION, WHETHER THE PERSON'S INJURIES ARE THE RESULT OF THE MUNICIPALITY'S TORTS OR THE TORTS OF MUNICIPALITY EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, IS A QUESTION OF FACT WHICH MUST BE DETERMINED ON A CASE-BY-CASE BASIS.
TO ANSWER THE SECOND QUESTION, THE NUMEROUS EXEMPTIONS FROM LIABILITY WHICH ARE LISTED IN 51 O.S. 155 THE ACT MUST BE CONSIDERED. WHETHER A PARTICULAR EXEMPTION APPLIES IS A QUESTION OF FACT WHICH DEPENDS UPON THE FACTS AND CIRCUMSTANCES OF EACH CASE. FOR EXAMPLE, THE MUNICIPALITY IN YOUR FACT SITUATION MAY BE IMMUNE FROM LIABILITY PURSUANT TO 51 O.S. 155(14) OF THE TORT CLAIMS ACT WHICH PROVIDES:
 "THE STATE OR A POLITICAL SUBDIVISION SHALL NOT BE LIABLE IF A LOSS OR CLAIM RESULTS FROM:
* * *
 14. ANY LOSS TO ANY PERSON COVERED BY ANY WORKERS' COMPENSATION ACT OR ANY EMPLOYER'S LIABILITY ACT(.)"
WHETHER THE VOLUNTEER IS COVERED BY AN EMPLOYER'S LIABILITY ACT DEPENDS UPON THE APPLICABLE ACT'S WORDING AND ITS DEFINITION OF " EMPLOYEE " AND IS A QUESTION OF FACT. TO DETERMINE WHETHER A VOLUNTEER IS COVERED BY WORKERS' COMPENSATION, IT IS NECESSARY TO EXAMINE THE WORKERS' COMPENSATION ACT. THE DEFINITION OF "EMPLOYEE" UNDER THE WORKERS' COMPENSATION ACT, 85 O.S. 3(4) (1992) STATES, IN PERTINENT PART:
(TEXT OF STATUTE)
THIS DEFINITION SPEAKS SPECIFICALLY ONLY TO THE VOLUNTARY WORKER WHO VOLUNTEERS AS A FIRE FIGHTER, PEACE OFFICER OR CIVIL DEFENSE WORKER. THIS DEFINITION DOES NOT APPEAR TO INCLUDE THE VOLUNTEER PRESENTED BY YOUR FACT SITUATION, YET THE WORDING DOES NOT CLEARLY EXCLUDE OTHER VOLUNTEERS, EITHER. THEREFORE, WHETHER THE VOLUNTEER IN YOUR FACT SITUATION IS CONSIDERED AN EMPLOYEE ACCORDING TO THIS DEFINITION IS A QUESTION OF FACT.
THUS, WE CAN CONCLUDE THAT A CITY CAN BE LIABLE TO A VOLUNTEER WORKER, BUT THAT GENERAL PRINCIPLE IS SUBJECT TO CERTAIN EXCEPTIONS WHICH REQUIRE FACTUAL DETERMINATIONS TO BE MADE IN EACH INDIVIDUAL CASE.
WHILE NOT DIRECTLY RAISED BY YOUR QUESTION, ANOTHER IMPORTANT ISSUE TO CONSIDER IS WHETHER A MUNICIPALITY CAN BE HELD LIABLE FOR THE TORTS COMMITTED BY A MUNICIPALITY VOLUNTEER WHILE ACTING WITHIN THE SCOPE OF HIS OR HER ASSIGNED DUTIES. THE ACT STATES THAT A MUNICIPALITY SHALL BE LIABLE FOR "THE TORTS OF ITS EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT(.)" 51 O.S. 153. THUS, IT MUST HE DETERMINED WHETHER A VOLUNTEER IS AN EMPLOYEE.
THE DEFINITION OF "EMPLOYEE" IS SET FORTH IN 51 O.S. 152(5) OF THE ACT AS FOLLOWS:
 "ANY PERSON WHO IS AUTHORIZED TO ACT IN BEHALF OF A POLITICAL SUBDIVISION OR THE STATE WHETHER THAT PERSON IS ACTING ON A PERMANENT OR TEMPORARY BASIS, WITH OR WITHOUT BEING COMPENSATED OR ON A FULL-TIME OR PART-TIME BASIS."
THIS IS A BROAD DEFINITION WHICH CAN BE INTERPRETED TO INCLUDE VOLUNTEERS. TO DETERMINE WHETHER A VOLUNTEER FITS INTO THIS DEFINITION, A VARIETY OF FACTORS MUST BE CONSIDERED, SUCH AS 1) WHETHER THE VOLUNTEER WAS AUTHORIZED TO ACT IN BEHALF OF THE POLITICAL SUBDIVISION AND 2) WHETHER THE VOLUNTEER WAS ACTING WITHIN THE SCOPE OF EMPLOYMENT. THUS, WHETHER A VOLUNTEER IS CONSIDERED AN EMPLOYEE PURSUANT TO THE ACT'S DEFINITION IN 51 O.S. 152(5) IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED BY THIS OPINION.
ON THE OTHER HAND, I WOULD BE REMISS IF I DID NOT NOTE THAT THE STATE OF OKLAHOMA AND ITS POLITICAL SUBDIVISIONS ARE CLEARLY IMMUNE FROM LIABILITY FOR INJURY TO A PERSON WHO IS ASSIGNED TO COMMUNITY SERVICE PURSUANT TO A SENTENCE, MUNICIPAL COURT ORDER, AS A CONDITION OF PAROLE OR ANY OTHER CIRCUMSTANCE LISTED IN 57 O.S. 227(A). SECTION 227 OF TITLE 57 PROVIDES IN RELEVANT PART:
(TEXT OF STATUTE)
THIS STATUTE ALLOWS MUNICIPALITIES TO ASSIGN AN ELIGIBLE OFFENDER TO COMMUNITY SERVICE WITHOUT INCURRING LIABILITY FOR THE MUNICIPALITY IF THE INDIVIDUAL IS INJURED DURING HIS OR HER COMMUNITY SERVICE.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT WHETHER A MUNICIPALITY OF THIS STATE WILL INCUR LIABILITY PURSUANT TO THE GOVERNMENTAL ACT, 51 O.S. 1991, 151 ET SEQ. (AS AMENDED BY 51 O.S. 151 ET.), FOR INJURIES SUSTAINED BY AN INDIVIDUAL WHILE VOLUNTARILY WORKING FOR THE MUNICIPALITY IS A QUESTION OF FACT. A MUNICIPALITY WILL BE LIABLE FOR INJURIES TO A VOLUNTEER ONLY IF 1) SUCH INJURIES ARE THE RESULT OF THE TORTS OF THE MUNICIPALITY OR MUNICIPALITY EMPLOYEES WHILE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, AND 2) NONE OF THE LIMITATIONS AND EXCEPTIONS TO LIABILITY LISTED IN SECTION 155 OF THE ACT APPLY TO THE SITUATION. WHETHER THE INJURIES WERE THE RESULT OF A MUNICIPALITY'S TORT OR THE TORT OF MUNICIPALITY EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT OR WHETHER AN EXEMPTION FROM LIABILITY APPLIES ARE QUESTIONS OF FACT WHICH MUST BE DETERMINED ON A CASE-BY-CASE BASIS.
YET, A MUNICIPALITY IS IMMUNE FROM LIABILITY FOR TORTS COMMITTED BY OR AGAINST AN INDIVIDUAL PERFORMING COMMUNITY SERVICE FOR A MUNICIPALITY IF THAT INDIVIDUAL IS ASSIGNED TO SUCH COMMUNITY SERVICE PURSUANT TO 57 O.S. 227(A).
(JULIE A. KRAMER)